**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PATRICIA PEDROZA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-666** |
| | : | |
| **FRITZ GERALD VICTOR** | : | |
| | : | |

## <u>MEMORANDUM with Findings of Fact</u>

**KEARNEY, J.**                                                                                                                    **October 8, 2025**

Our Court requires attorneys admitted to practice here electronically file and receive court papers by registering email addresses for service upon them. The attorneys agree service is effective upon receipt in their self-designated emails. Most attorneys identify their email address and an address of an administrator or other person in their office to ensure they learn of court action. We today address claims from two attorneys essentially blaming the Court or their administrative assistant for not telling them of filings in this case. The two attorneys did not check the docket for over a year. The two attorneys did not check with the Court as to progress. We granted them leave to show cause in mid-2024 as to why we should not dismiss for lack of prosecuting their case after they did not respond to our Orders. The Court confirmed service upon the attorneys' registered email addresses as well as service upon their self-identified administrative assistant designated to receive the only notice sent by the Court. We then dismissed the case fifteen months ago for lack of prosecution when the two attorneys did not respond. The two attorneys now claim to have recently discovered the service which, to the Court's record, has been repeatedly served on them well over a year ago. They ask us to vacate the dismissal. We deny the motion supported by findings based on the undisputed record.

## I. Findings

1. Pennsylvania attorneys Adam Getson and Simon Haileab are admitted to practice in this Court and employed by the Wapner Newman, P.C. law firm.[1]

2. This Court admitted Attorney Getson to its Bar on April 2, 2004. He registered as a user of this Court's ECF system on October 21, 2008 and last updated his account on July 29, 2013.

3. This Court admitted Attorney Haileab to its Bar on June 3, 2015. He registered as aa user of this Court's ECF system on July 27, 2021 and has not been updated his account since registering over four years ago.[2]

4. "Attorneys admitted to the Bar of this Court, including those admitted *pro hac vice*, are required to register through PACER as Users of the court's ECF System."[3] "Registration as an ECF Filing User constitutes agreement to *receive and consent to make electronic service* of all documents as provided in this Rule and in accordance with Federal Rule of Civil Procedure 5(b)(2)(E). This agreement and *consent is applicable to all future cases* until revoked by the ECF Filing User."[4]

5. Attorneys Getson and Haileab registered the same three email addresses in the ECF system to receive electronic service of all filings: ppereira@wapnernewman.com, agetson@wapnernewman.com, and shaileab@wapnernewman.com.

6. These three addresses remain listed on their ECF accounts today.

7. The email address ppereira@wapnernewman.com "is issued to a non-attorney clerical staff member [at Wapner Newman] Patricia Pereira."[5]

8. Ms. Pereira is an agent of the Wapner Firm.

9. Patricia Pedroza retained the Wapner Firm in 2023 to represent her.[6] The Wapner Firm sued alleged property owner Fritz Gerald Victor in the Philadelphia Court of Common Pleas on October 13, 2023 alleging Ms. Pedroza sustained injuries on October 16, 2021 at his Airbnb property.[7]

10. Attorney Getson filed Ms. Pedroza's Complaint and entered his appearance on her behalf.[8] Attorneys Getson and Haileab are listed as attorneys of record for Ms. Pedroza.[9]

11. The Wapner Firm made multiple unsuccessful attempts to serve Mr. Victor in October 2023 while the case remained in state court.[10]

12. Attorney Getson's mother passed away in November 2023 and his father passed away in December 2023.[11]

13. The Wapner Firm moved through Attorney Haileab for alternative service on Mr. Victor on January 18, 2024.[12] The Wapner Firm presented the motion before Judge Bright on January 22, 2024.[13]

14. Mr. Victor removed the case here on February 15, 2024 before Judge Bright ruled on the Wapner Firm's motion for alternative service.[14]

15. We issued a show cause order on February 16, 2024 directing Mr. Victor to explain why his counsel (who removed the case here) could not accept service or why a federal summons should not be issued.[15] Mr. Victor responded five days later leading us to direct the Clerk of Court to issue a summons after finding Ms. Pedroza's counsel retained the right to perfect process following removal.[16]

16. Our Clerk of Court issued a federal summons directed to Mr. Victor and transmitted it through the ECF system for prompt service on February 22, 2024 to the three registered ECF email addresses of Attorneys Getson and Haileab.[17] The electronic transaction

record shows an email with the subject line "Activity in Case 2:24-cv-00666-MAK PEDROZA v. FRITZ et al Summons Issued" had "been electronically mailed to" ppereira@wapnernewman.com, agetson@wapnernewman.com, and shaileab@wapnernewman.com.[18]

17. Attorneys Getson and Haileab consented to electronic service under Local Rule 5.1.2.3 and service complied with Rule 5(b)(2)(E). The Clerk did not receive notice of the electronic service being undeliverable.

18. The Wapner Firm did not serve the re-issued summons within the ninety-day period required by Federal Rule 4(m). We issued an Order on June 13, 2024 (over three weeks after the ninety-day period) directing The Wapner Firm to file a voluntary dismissal or show cause as to why we should not dismiss the case for lack of prosecution by June 18, 2024.[19]

19. Administrative assistant Ms. Pereira's sibling passed away sometime in June 2024.[20]

20. We dismissed without prejudice for lack of prosecution and directed the Clerk of Court to close the case on June 20, 2024 because The Wapner Firm did not comply with our order to voluntarily dismiss or show cause.[21]

21. The Wapner Firm through Attorney Getson then moved under Federal Rule 60(b) about fourteen months later on August 10, 2025 to vacate our June 20, 2024 Order and reopen the case based on "excusable neglect" arising from "improper service" baldly claiming this Court "violated Rule 5 and deprived Plaintiff of proper service."[22] The Wapner Firm alleged the Clerk of Court did "not serve[ the federal summons] upon Mr. Getson" but only on his registered administrative assistant Ms. Pereira (who he agreed would accept service for him).[23] The Wapner Firm incredibly asserted: "The Clerk's service of the February 21, 2024 Summons and June 13,

4

2024 Order did not comply with the Federal Rules of Civil Procedure. Rule 5(b)(1) requires service upon the party's attorney, and Rule 5(b)(2)(E) permits service by electronic means only if 'the person consented in writing'" and "[b]ecause these materials were not properly served on counsel, Plaintiff was denied notice and an opportunity to comply with Court directives. (Emphasis)."[24]

22. Attorney Getson consented in writing to electronic service on October 21, 2008 and again on July 29, 2013 including to his administrative assistant Ms. Pereira.[25]

23. We denied the Wapner Firm's Motion to vacate on August 11, 2025 as not compliant with our Policies with leave to amend.[26]

24. The Wapner Firm waited a couple months and moved last week for relief from the June 20, 2024 Order.

25. Its Motion is plainly untimely and contrary to the undisputed fact of service of all filings upon their designated administrative assistant. We further find The Wapner Firm does not offer a scintilla of evidence beyond its say-so allowing us to find the Court records confirming service upon the attorneys' personal email addresses is somehow invalid.

## II. Analysis

The Wapner Firm now again moves for relief from our June 20, 2024 Order under "[Rule] 60(b)(1), and alternatively under [Rule] 60(b)(6)," this time more than fifteen months later.[27] It does not come close to meeting its burden to today vacate the June 20, 2024 Order under any part of Rule 60.

### A. The Wapner Firm does not satisfy Rule 60(b)(1).

The Wapner Firm asks we vacate our June 20, 2024 dismissal under Rule 60(b)(1) without identifying which of the Rule's four specific grounds it believes applies.[28] The omission

5

makes no difference; the Motion fails under any theory. A motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."[29] The Wapner Firm is again untimely in seeking relief under Rule 60(b)(1).

**B. The Wapner Firm does not meet the Rule 60(b)(6) burden to vacate an Order.**

The Wapner Firm next seeks relief from our June 20, 2024 dismissal under Rule 60(b)(6) as "fundamentally inequitable: neither Plaintiff nor her counsel ever received notice of the operative deadlines and thus did not comply with the Court's directives."[30] The Wapner Firm argues it never received notice of the federal summons or subsequent orders due to the Clerk of Court's "improper service" claiming the Clerk of Court "electronically transmitted" filings only "to a non-attorney clerical staff member, Patricia Pereira."[31] The Wapner Firm further attributes its failure to act to the loss of Attorney Getson's parents in late 2023 (long before the problems here) and administrative assistant Ms. Pereira's loss of a sibling in June 2024.[32] The Wapner Firm claims these passings prevented timely attention to the case for over fourteen months since the June 20, 2024 dismissal.[33]

"Rule 60(b)(6) is a catchall provision [that] 'provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.'"[34] A Rule 60(b)(6) motion should be granted only "where, without such relief, an extreme and unexpected hardship would occur."[35] Motions brought under Rule 60(b)(6) "must be made within a reasonable time."[36] "A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner."[37]

We are sympathetic to the passings described by Ms. Pedroza's counsel. But personal hardship, such as "an attorney's illness[,] is insufficient to constitute the 'extraordinary circumstance' necessary to justify the grant of a 60(b)(6) motion."[38] We have no basis to find the

6

passings in Fall 2023 could have affected Attorneys Getson and Haileab's ability to check the docket in mid-2024. To the contrary, the two attorneys sued in the Philadelphia Court of Common Pleas in October 2023 and moved for alternative service on January 18, 2024.[39] The Clerk of Court issued a federal summons in February 2024.[40] We dismissed the case in June 2024 after months without service or response.[41] The Wapner Firm remained counsel of record throughout this entire period. Counsel of record received all filings electronically through the ECF system. They did not monitor the docket, respond to court orders, or take steps to move the case forward. Their efforts in August 2025 and now are more than a year after dismissal. The full record reflects delay, not diligence, and the Wapner Firm's Motion is untimely even under the "reasonable time" standard for Rule 60(b)(6) motions.

The Wapner Firm's reliance on our Court of Appeals' analysis in *Boughner v. Secretary of Health, Education & Welfare* is unpersuasive.[42] Our Court of Appeals found in *Boughner* extraordinary circumstances where an attorney failed to respond to more than fifty dispositive motions while engaged in a "intense" political campaign—conduct amounting to "nothing short of leaving his clients unrepresented."[43] The Wapner Firm represented Ms. Pedroza. The Wapner Firm remained of record, received repeated electronic notices through the ECF system, and failed to act for over a year. This is not a case of abandonment but one of prolonged inattention. The circumstances alleged are not extraordinary under Rule 60(b)(6).

### III. Conclusion

The Wapner Firm's Motion to vacate under Federal Rule 60(b) presents no basis for relief or extraordinary circumstances. We deny Attorney Getson and Haileab's Motion to vacate our June 20, 2024 dismissal.

7

[1] *See* Wapner Newman, *Meet Our Attorneys,* https://www.wapnernewman.com/our-team. Attorney Getson began working at Wapner Newman in 2004 and the Firm promoted him to partner in January 2014. Wapner Newman, *Attorney Adam S. Getson,* https://www.wapnernewman.com/our-team/adam-getson. It is unclear when Attorney Haileab began at Wapner Newman. Wapner Newman, *Attorney Simon T. Haileab,* https://www.wapnernewman.com/our-team/simon-t-haileab.

[2] Attorney Haileab further confirmed ECF participation by filing today's Motion through the ECF system.

[3] Local Rule 5.1.2.3(a).

[4] Local Rule 5.1.2.3(c) (emphasis added).

[5] ECF 13-1 at 4. Attorney Getson's email address is agetson@wapnernewman.com. *See* Wapner Newman, *Attorney Adam S. Getson,* https://www.wapnernewman.com/our-team/adam-getson. Attorney Haileab's email address is shaileab@wapnernewman.com. *See* Wapner Newman, *Attorney Simon T. Haileab,* https://www.wapnernewman.com/our-team/simon-t-haileab.

[6] ECF 13-3 at 5.

[7] ECF 13-1 at 2.

[8] ECF 13-3 at 5.

[9] *Id.* at 6; *see also id.* at 109–16 (Philadelphia Court of Common Pleas docket report listing "GETSON ADAM, S" as "ATTORNEY FOR PLAINTIFF" and as the filing party throughout the docket).

[10] *Id.* at 35, 38–45.

[11] ECF 13-1 at 4 n.9.

[12] *Id.* at 3; *see also* ECF 13-3 at 54.

[13] ECF 13-1 at 3.

[14] *Id.*

[15] ECF 5.

[16] ECFs 6, 7. *See* 28 U.S.C. § 1448.

[17] ECF 8; ECF 12 at 2.

[18] ECF 12 at 2.

---

[19] ECF 9. The Clerk of Court served the June 13, 2024 Order through the ECF system again on ppereira@wapnernewman.com, agetson@wapnernewman.com, and shaileab@wapnernewman.com. The Clerk did not receive notice of the electronic service being undeliverable.

[20] ECF 13-1 at 4 n.9.

[21] ECF 10. The Clerk of Court served the Order through the ECF system again on ppereira@wapnernewman.com, agetson@wapnernewman.com, and shaileab@wapnernewman.com. The Clerk did not receive notice of the electronic service being undeliverable.

[22] ECF 11 ¶¶ 38–41. The Wapner Firm's motion also further overlooked Local Rule 5.1.2.11(b) which requires parties to redact personal identifiers before public filing. *See* ECF 11-3 at 101.

[23] ECF 11 ¶ 22.

[24] *Id.* ¶¶ 32–33. The Wapner Firm also argued service was improper because the firm had moved offices "at the time of attempted service." *Id.* ¶¶ 25–26. But street address of its office does not matter with electronic service.

Even if street address matters, the obligation to maintain accurate contact information rests with counsel. Attorneys must update their address through the ECF system or submit a letter to this Court reflecting any change. United States District Court, Eastern District of Pennsylvania, *How do I change my name, address, telephone number, fax number, and/or e-mail address for the Eastern District including CM/ECF?*, https://www.paed.uscourts.gov/faqs/how-do-i-change-my-name-address-telephone-number-fax-number-andor-e-mail-address-eastern. The Wapner Firm does not argue and the record does not show Attorney Getson or Attorney Haileab submitted a letter with their new address. The argument is immaterial in any event because Attorneys Getson and Haileab consented to electronic service and continued to receive filings through the ECF system. *See supra* ¶¶ 2–5.

[25] *Supra* ¶¶ 2, 4.

[26] ECF 12. Motions addressing non-discovery or non-scheduling issues are limited to five pages. *See* Chambers Policies IV. The Wapner Firm's Motion is eighteen pages. *See* ECF 11. Our Policies also require counsel seeking relief without a stipulation to provide "a meaningful, fulsome description of the opposition to the requested relief" as part of the motion. *See* Chambers Policies IV. The Wapner Firm offered none.

[27] ECF 13-1 at 1. Again the Wapner Firm's Motion further overlooked Local Rule 5.1.2.11(b). *See* ECF 13-3 at 42.

[28] *See generally* ECFs 13, 13-1.

9

[29] Fed. R. Civ. P. 60(c)(1); *see Gonzalez v. Crosby*, 545 U.S. 524, 534–35 (2005) (observing the "specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud)").

[30] ECF 13-1 at 6.

[31] *Id.* at 3–4; *see also id.* at 8 ("[N]either the summons nor subsequent Orders were []ever received by Plaintiff's counsel of record as a product of administrative breakdown[.]").

[32] *Id.* at 4 n.9, 6–7.

[33] *Id.*

[34] *Coltec Indus. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188 (3d Cir. 1988)).

[35] *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

[36] Fed. R. Civ. P. 60(c)(1).

[37] *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007).

[38] *Oborski v. Colvin*, No. 14-2237, 2015 WL 7016478, at *2 (M.D. Pa. Nov. 12, 2015); *see also United States v. Cirami*, 563 F. 2d 26, 32 (2d Cir. 1977) (facts short of constructive or actual disappearance of counsel are insufficient to support 60(b)(6) motion); *Long v. Carberry*, 151 F.R.D. 240, 245 (S.D.N.Y. 1993) (party's illness and counsel's personal problems although sympathetic were insufficient basis for grant of 60(b)(6) motion); *United States v. 59.88. Acres of Land*, 734 F. Supp. 555 (D. Mass. 1990); *Douglas v. Kemp*, 721 F. Supp. 358 (D.D.C. 1989) (counsel's illness insufficient basis for grant of 60(b)(6) motion).

[39] ECF 13-3 at 5, 62.

[40] ECF 8.

[41] ECF 10.

[42] 572 F.2d 976 (3d Cir. 1978); ECF 13-1 at 7–8.

[43] 572 F.2d at 977–78.